e

# THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| **Justin Pour and Borbor Giahyue,**  <br><br>                    Plaintiffs,  <br>v.  <br><br>**Robert Lawrence Clegg, et al.,**  <br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS and DISMISSING PLAINTIFFS AMENDED COMPLAINTS  <br><br>Case No. 2:24-cv-968 DBP  <br><br>Chief Magistrate Judge Dustin B. Pead |

Pro se Plaintiffs Justin Pour and Borbor Giahyue each seek leave to proceed in forma pauperis.[1] The court previously granted each of the Plaintiffs' motions temporarily and ordered Plaintiffs to file an Amended Complaint. In that order the court noted the deficiencies in each of Plaintiffs' original complaints and ordered the parties to correct these deficiencies.[2] Plaintiffs have each filed their Amended Complaints.

## STANDARD OF REVIEW

1.      Screening Under 28 U.S.C. § 1915

Under the in forma pauperis statute, the court shall, at any time, dismiss a case if it determines that the action is: "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

---

[1] ECF No. 2, ECF No. 3.

[2] Order Temporarily Granting Motion for Leave to Proceed in forma pauperis and Orders Plaintiffs to File Amended Complaints, ECF No. 8.

such relief."[3] The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[4] To help facilitate that objective, the in forma pauperis statute provides the court with power to not only dismiss a claim based on an indisputably meritless legal theory, "but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[5]

When determining whether to dismiss a case under §1915, the court employs the same standard used to analyze motions to dismiss under Federal Rule of Civil Procedure 12.[6] Additionally, Federal Rule of Civil Procedure 8 is incorporated into the court's analysis.[7]

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[8] The court accepts well-pleaded allegations as true and views the allegations in the light most favorable to the Plaintiffs, drawing all reasonable

---

[3] 28 U.S.C. § 1915(e)(2)(B)(i-iii).

[4] *Trujillo v. Williams,* 465 F.3d 1210, 1216 (10th Cir. 2006) (citing *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

[5] *Id.*

[6] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007) ("We apply the same standard of review for dismissal under §1914(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim."); Fed. R. Civ. P. 12(b)(6).

[7] *See United States ex rel. Lemmon v. Envirocare of Utah, Inc.,* 614 F.3d 1163, 1171 (10th Cir. 2010) ("Rule 8(a)'s mandate, that plaintiffs provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' has been incorporated into both the 9(b) and 12(b)(6) inquiries") (citing Fed. R. Civ. P. 8(a)).

[8] *Hogan v. Winder,* 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

inferences in the Plaintiffs' favor.[9] A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10] The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] To properly state a claim for relief in federal court, Plaintiff must craft a pleading that clearly states "what each defendant did to [Plaintiff]; when the defendant did it; how the defendant's action harmed [Plaintiff]; and, what specific legal right the [P]laintiff believes the defendant violated."[12]

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"[13] and further provides that "[e]ach allegation must be simple, concise, and direct."[14] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement'"[15] "Rule 8 serves the important purpose of requiring plaintiffs to state their

---

[9] *Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir. 2013).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929) (2007)).

[11] *Id.*

[12] *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Stone v. Albert,* 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir. 2008) ("To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'") (emphasis in original)).

[13] Fed. R. Civ. P. 8(a)(2).

[14] Fed. R. Civ. P. 8(d)(1).

[15] *Iqbal,* 556 U.S. at 662 (quoting *Twombly,* 559 U.S. at 555, 557 ) (alteration in original).

3

claims intelligibly so as to inform the defendants of the legal claims being asserted."[16] The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[17]

### 2. Pro Se Litigant

As a pro se litigants, the court construes Plaintiffs' complaints liberally and holds Plaintiffs' pleadings to a less stringent standard than formal pleadings drafted by lawyers.[18] Yet even under a liberal review, Plaintiffs are not excused from compliance with federal pleading requirements or from stating a claim for which relief may be granted.[19] For example, pro se plaintiffs still have "the burden of alleging sufficient facts on which a recognized legal claim could be based."[20] Further, it "is not the proper function of the Court to assume the role of advocate for a pro se litigant,"[21] and the court should not "supply additional facts, [or] construct a legal theory . . . that assumes facts that have not been pleaded."[22]

## DISCUSSION

**Plaintiffs' Amended Complaints Fail to Comply with the Minimum Pleading Requirements of Rule 8 and Therefore They Fail to State a Claim Upon Which Relief May Be Granted.**

Under Rule 8 of the Federal Rules of Civil Procedure a complaint is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ;

---

[16] *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

[17] *Twombly,* 550 U.S. at 555 (alteration in original) (internal quotation marks omitted).

[18] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[19] *Id.* at 1009; *see also* Fed. R. Civ. P. 8; 28 U.S.C. §1915(e)(2)(B)(i)(ii); Fed. R. Civ. P. 12(b)(6).

[20] *Jenkins v. Currier,* 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[21] *Hall*, 935 F.2d at 1110.

[22] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied,* 493 U.S. 1059, 107 L. Ed. 2d 954, 110 S. Ct. 871 (1990).

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."[23] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement'"[24] "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."[25] The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[26] The purpose of this rule is to provide opposing parties with fair notice of the claims against them so that they may respond, and it allows a court to conclude that the allegations, if proven, show a plaintiff is entitled to relief.[27]

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[28] Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant."[29] Thus, the court

---

[23] Fed. R. Civ. P. 8.

[24] *Iqbal,* 556 U.S. at 662 (quoting *Twombly,* 559 U.S. at 555, 557) (alteration in original).

[25] *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

[26] *Twombly,* 550 U.S. at 555 (alteration in original) (internal quotation marks omitted).

[27] *See Monument Builders of Greater Kan. City Inc. v. Am. Cemetery Assn. of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989) (citing *Perrington Wholesale Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979); *see also Nasious*, 492 F.3d at 1163 (holding a plain statement under Rule 8 provides defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits").

[28] *Hall*, 935 F.2d at 1109.

[29] *Id.* at 1110.

cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."[30]

The court has liberally construed each of Plaintiffs' respective Amended Complaints and finds they fail to meet the requirements of Rule 8. Each of the Amended Complaints relate to the prosecution of Plaintiffs for unlawful sexual conduct with a 17-year-old. Plaintiff Borbor Giahyue was charged with counts of Rape, Gang Rape, Object Rape, and Forcible Sodomy.[31] Plaintiff Justin Pour faced the same charges.[32] Each of the Plaintiffs allege numerous violations of their rights in connection with the charges and subsequent prosecution. Giahyue brings thirty-six claims. They include *inter alia* claims for violations of religious right under 42 U.S.C. § 1983, false arrest, illegal searches and seizures, malicious prosecution, a host of conspiracies that violated Giahyue's rights, "ankle monitor/electronic prison", denial and excessive bail, destruction of evidence, and fabrication of DNA evidence. Pour brings the same claims. And both Plaintiffs allege them under federal and state law.

The Supreme Court has held that the pleading standard under Rule 8 does not require "detailed factual allegations," but it does demand something more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[33] A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."[34] Neither is it sufficient if a complaint tenders "naked assertion[s]" devoid of "further factual enhancement."[35]

---

[30] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[31] Amended Complaint at 11, ECF No. 10.

[32] Amended Complaint at 9, ECF No. 9.

[33] *Iqbal*, 556 U.S. at 678.

[34] *Twombly*, 550 U.S. at 555.

[35] *Id.*

The Amended Complaints here fail to meet the Rule 8 pleading standards as set forth by the Supreme Court and thus must be dismissed under the IFP Statue. When a civil-rights complaint contains "bare assertions," with "nothing more than a 'formulaic recitation of the elements' of a constitutional ... claim," the court considers those assertions "conclusory and not entitled to" an assumption of truth.[36] In other words, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe this plaintiff has a reasonable likelihood of mustering factual support for these claims."[37] Here, Plaintiffs' Claims provide conclusory statements that their rights were violated. Thus, they fail.

Further, based on the long running factual assertions in Plaintiffs' Amended Complaints, the *Rooker-Feldman* doctrine appears applicable here. The *Rooker-Feldman* doctrine provides that most federal courts lack jurisdiction to adjudicate claims seeking review of state court judgments.[38] The exception being the Supreme Court may hear such cases. The *Rooker-Feldman* doctrine precludes cases brought by state court losers complaining of injuries caused via state court judgments rendered before the federal district court proceedings commenced.[39] A review of a state court judgment must proceed to the state's highest court, and then be brought before the United States Supreme Court pursuant to 28 U.S.C. § 1257.[40] A claim that is "inextricably intertwined" with a state court judgment is also barred by the *Rooker–Feldman* doctrine.[41] Such

---

[36] *Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 554-55).

[37] *Ridge at Red Hawk LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[38] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

[39] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

[40] *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

[41] *Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007). *See also Wideman v. Colorado*, 242 F. App'x 611, 614 (10th Cir. 2007) (finding appellant's claims barred by Rooker-Feldman doctrine because they were "little more than

claims may be dismissed with prejudice as recently held by the Tenth Circuit.[42] To the extent that each of the Plaintiffs claims are an appeal from their state court judgments, those claims are be dismissed under the *Rooker-Feldman* doctrine.

## ORDER

Plaintiffs' respective Motions to Proceed In Forma Pauperis are GRANTED. Plaintiffs' Amended Complaints are dismissed under 28 U.S.C. § 1915 for failing to state a claim upon which relief may be granted, and for being frivolous under the *Rooker-Feldman* doctrine.[43]

DATED this 1 December 2025.

_____
Magistrate Judge Dustin B. Pead
United States District Court for the District of Utah

---

thinly disguised efforts to overturn, or at least call into question the validity of, the rulings entered against him" in state court).

[42] *King v. Marquez*, No. 25-1259, 2025 WL 2758045, at *2 (10th Cir. Sept. 29, 2025) (dismissing a plaintiff's action with prejudice as it violated the *Rooker-Feldman* doctrine).

[43] *See id.*